E-FILED
Thursday, 21 May, 2026 01:50:35 PM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## PEORIA DIVISION

| | | |
|---|---|---|
| MICHAEL HENDRICKS, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:26-cv-01138-SEM |
| | ) | |
| LIVINGSTON COUNTY *et al.*, | ) | |
|     Defendants. | ) | |

## ORDER

**SUE E. MYERSCOUGH, United States District Judge:**

Plaintiff Michael Hendricks, a detainee at the Livingston County Jail ("Jail"), has filed an amended complaint (Doc. 1) that is before the Court for screening. Plaintiff has also filed a Motion for Injunctive Relief (Doc. 7).

The Court concludes that the account Plaintiff provides in his pleading is insufficient to state a constitutional violation. Plaintiff's Motion for Injunctive Relief is denied for the following reasons.

### I. COMPLAINT

### A. The Screening Standard

The court must "screen" the complaint and dismiss any legally insufficient claim or the entire action if warranted. 28 U.S.C. §

Page **1** of **12**

1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* In reviewing the complaint, the court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

## B. FACTS

Plaintiff names Sheriff Ryan Bohm, Jail Superintendent Lisa Draper, Lieutenant Scott Harmon, Physician Hughes Lochard, Nurses Jailayia Frazier and Susanna Legner, Turn Key Medical ("Turn Key"), and Livingston County ("County") as Defendants.

Plaintiff has been a Type I diabetic for the past twenty-five years. On March 7, 15, and 29, 2026, Plaintiff experienced low blood glucose. As a result, Plaintiff requested to personally possess glucose tablets, but he was denied the tablets. (Pl. Compl., Doc. 1 at 3:11-12.)

On March 15, 2026, Defendant Lochard informed Plaintiff that he was unaware of any medical protocol employed by Turn Key that would deny a detainee personal possession of glucose tablets. Despite Lochard's comment, Plaintiff asserts he "was denied." (*Id.* at 3:13.) Plaintiff does not specifically state who denied him possession of the glucose tablets.

Plaintiff states that he filed several grievances against Turn Key for denying him "emergency measures." (*Id.* at 14.) Plaintiff asserts that Defendants Draper and Harmon did not respond to his grievances. (*Id.*)

### C. ANALYSIS

In *Miranda v. County of Lake*, 900 F.3d 335 (7th Cir. 2018), the Seventh Circuit held that "the controlling inquiry for assessing a due process challenge to a pretrial detainee's medical care proceeds in two steps." *McCann v. Ogle County*, 909 F.3d 881, 886 (7th Cir. 2018). "The first step, which focuses on the intentionality of the individual defendant's conduct, remains unchanged and 'asks whether the medical defendants acted purposefully, knowingly, or perhaps even recklessly when they considered the consequences of their handling of [plaintiff's] case.'" *Id.* (quoting *Miranda*, 900 F.3d

at 353); *see also Pittman by and through Hamilton v. Madison Cnty., Illinois*, 108 F.4th 561, 570 (7th Cir. 2024) ("This framing asks strictly whether the defendant intended to commit the physical act that caused the alleged injury.").

"At the second step, . . . [courts] ask whether the challenged conduct was objectively reasonable." *Id.* "This standard requires courts to focus on the totality of facts and circumstances faced by the individual alleged to have provided inadequate medical care and to gauge objectively—without regard to any subjective belief held by the individual—whether the response was reasonable." *Id. see also Pittman*, 108 F.4th at 570 ("[T]he proper inquiry turns on whether a reasonable officer in the defendant's shoes would have recognized that the plaintiff was seriously ill or injured and thus needed medical care.).

Under Federal Rule of Civil Procedure 8(a), a complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "This requirement is satisfied if the complaint (1) describes the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests and (2) plausibly suggests that

the plaintiff has a right to relief above a speculative level." *Bravo v. Midland Credit Mgmt.*, 812 F.3d 599, 601–02 (7th Cir. 2016); *see also Charleston v. Bd. of Trs. of the Univ. of Ill. at Chi.*, 741 F.3d 769, 772 (7th Cir. 2013) ("Instead, a plausible claim must include 'factual content' sufficient to allow the court 'to draw the reasonable inference that the defendant is liable for the misconduct alleged.'") (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

Despite naming Defendants Bohm, Frazier, and Legner, Plaintiff does not provide any facts that establish or permit the inference that Bohm, Frazier, or Legner violated Plaintiff's constitutional rights. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption.").

Similarly, Plaintiff does not state a claim against Defendants Draper and Harmon for their alleged failure to respond to Plaintiff's grievances. *See Owens v. Evans*, 878 F.3d 559, 563 (7th Cir. 2017) ("[T]he failure to follow a state's inmate grievance procedures is not a federal due-process violation."); *see also Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011) ("Prison grievance procedures are not mandated by the First Amendment and do not by their very

existence create interests protected by the Due Process Clause, and so the alleged mishandling of [the plaintiff's] grievances by persons who otherwise did not cause or participate in the underlying conduct states no claim.").

The only fact Plaintiff provides regarding Defendant Lochard is that he was unaware of any policy, practice, or procedure employed by Turn Key that prohibited detainees from possessing glucose tablets. Although Plaintiff claims that he was denied possessing glucose tablets, he does not assert that Lochard denied him personal possession of that medication or denied him glucose tablets to treat his condition.

Thus, because Plaintiff fails to state a plausible claim against Defendants, the County is not liable. *See Olson v. Champaign County*, Ill., 784 F.3d 1093, 1104 (7th Cir. 2015) (noting that because Illinois law requires the county to indemnify Sheriffs and their deputies for damages for torts committed in the scope of their employment, the County is a necessary party to a suit against a Sheriff under federal law) (citing 745 Ill. Comp. Stat. 10/9–102)).

Defendant Turn Key can be held liable under § 1983 if an unconstitutional act is caused by: "(1) an official policy adopted and

promulgated by its officers; (2) a governmental practice or custom that, although not officially authorized, is widespread and well settled; or (3) an official with final policy-making authority." *Thomas v. Cook Cty. Sheriff's Dept.*, 604 F.3d 293, 303 (7th Cir. 2010); *see also Woodward v. Corr. Med. Servs. of Ill., Inc.*, 368 F.3d 917, 927-28 (7th Cir. 2004) (stating that the standard for municipal liability in *Monell v. N.Y. City Dep't of Soc. Servs.*, 436 U.S. 658 (1978), applies to corporations as well).

Plaintiff does not state a claim against Turn Key, as he does not allege any facts that demonstrate or permit the inference that Turn Key had an official policy, widespread practice, or a Turn Key official with policy-making authority denied him possession of the glucose tablets.

Consequently, Plaintiff's Complaint is dismissed for failure to state a claim. However, if Plaintiff believes he can revise his pleading to state a cause of action, he may file a motion for leave to file an amended complaint. If Plaintiff decides to file an amended complaint, his amendment must be attached to his motion for leave.

The Court does not accept piecemeal amendments. Plaintiff's amended pleading must stand independently without reference to his initial filing and contain all claims against all defendants. Plaintiff's amendment must specify the constitutional violation, when it occurred, and the Defendant or Defendants personally involved. *See Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995) ("To recover damages under § 1983, a plaintiff must establish that a defendant was personally responsible for the deprivation of a constitutional right.").

The Court informs Plaintiff that any attempt to join unrelated claims and defendants in his amended complaint is not permitted. *See* Fed. R. Civ. P. 20(a)(2). In other words, multiple claims against a single defendant are allowed, but "Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). "Unrelated claims against different defendants belong in different suits." *Id.*

## II. INJUNCTIVE RELIEF

The purpose of a preliminary injunction is to preserve the status quo pending a final hearing on the merits of the case. *American Hospital Ass'n v. Harris*, 625 F.2d 1328, 1330 (7th Cir.

1980). A preliminary injunction is an "extraordinary and drastic remedy" and "should not be granted unless the movant, *by a clear showing,* carries the burden of persuasion." *Mazurek v. Armstrong,* 520 U.S. 968, 972 (1997) (emphasis in original) (citation omitted). In civil suits, "damages are the norm, so the plaintiff must show why his case is abnormal." *e360 Insight v. Spamhaus Project,* 500 F.3d 594, 604 (7th Cir. 2007) (quoting *Walgreen Co. v. Sara Creek Property Co., B.V.,* 966 F.2d 273, 275 (7th Cir. 1992)).

"To determine whether a situation warrants such a remedy, a district court engages in an analysis that proceeds in two distinct phases: a threshold phase and a balancing phase." *Girl Scouts of Manitou Council, Inc. v. Girl Scouts of the United States of Am. Inc.,* 549 F.3d 1079, 1086 (7th Cir. 2008). "A party seeking a preliminary injunction must satisfy all three requirements in the 'threshold phase' by showing that (1) [he] will suffer irreparable harm in the period before the resolution of its claim; (2) traditional legal remedies are inadequate; and (3) there is some likelihood of success on the merits of the claim." *HH-Indianapolis, LLC v. Consol. City of Indianapolis,* 889 F.3d 432, 437 (7th Cir. 2018).

Moreover, the Seventh Circuit has described the type of

injunction requiring affirmative action as a mandatory preliminary injunction. *Graham v. Med. Mut. of Ohio*, 130 F.3d 293, 295 (7th Cir. 1997). Mandatory injunctions are "cautiously viewed and sparingly issued" because they require the court to command a defendant to take a particular action. *Id.*

Plaintiff's Motion for Injunctive Relief asserts that he is "being denied medical care every day by not receiving the proper amount of insulin at the proper time" as "ordered by a diabetes [doctor] from the local hospital." (Doc. 7 at 1.) In this regard, Plaintiff asserts that "he has been denied care for a serious medical need contrary to a physician's instructions." (*Id.*)

However, as noted earlier, Plaintiff's dismissed pleading concerned the denial of permission to possess glucose tablets. In other words, Plaintiff's pleading did not allege that Jail officials disregarded a specialist's treatment recommendations. Thus, to the extent Plaintiff intended to plead injunctive relief as a separate count, his attempt is misguided. *See CustomGuide v. CareerBuilder, LLC*, 813 F. Supp. 2d 990, 1002 (N.D. Ill. 2011) ("An injunction is an equitable remedy, not a separate cause of action.") (internal quotation marks omitted).

Furthermore, "[w]hether a litigant has a cause of action 'is analytically distinct and prior to the question of what relief, if any, a litigant may be entitled to receive.'"). *Guardians Ass'n v. Civil Serv. Com'n,* 463 U.S. 582, 595 (1983) (quoting *Davis v. Passman,* 442 U.S. 228, 239 (1979).

The Court concluded that Plaintiff's account failed to state a plausible claim for objectively unreasonable medical care under the Fourteenth Amendment. Thus, even if Plaintiff's Motion for Injunctive Relief concerned the claims alleged in his dismissed pleading, he still would not be entitled to injunctive relief, given the Court's dismissal of his pleading. *See Knutson v. Village of Lakemoor,* 932 F.3d 572, 576, n.4 (7th Cir. 2019) (concluding that "because we hold the plaintiffs failed to state a claim for violation of due process or unjust enrichment, they are not entitled to injunctive relief").

Accordingly, Plaintiff's Motion for Injunctive Relief (Doc. 7) is denied.

**IT IS THEREFORE ORDERED:**

1) **The Court DISMISSES Plaintiff's Complaint (Doc. 1) under 28 U.S.C. 1915A(b)(1) for failure to state a federal claim on which relief may be granted.**

Page **11** of **12**

**2) Plaintiff is granted leave to file an amended complaint within thirty days of the entry of this order, following the Court's guidance. If Plaintiff does not file an amendment on or before the 30-day deadline, his case will be dismissed without prejudice.**

**3) Plaintiff's Motion for Injunctive Relief (Doc. 7) is DENIED.**

ENTERED May 21, 2026.


s/ *Sue E. Myerscough*

_____
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE