E-FILED
Wednesday, 03 June, 2026  10:40:49 AM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## PEORIA DIVISION

| | | |
|---|---|---|
| MICHAEL HENDRICKS, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:26-cv-01138-SEM |
| | ) | |
| LIVINGSTON COUNTY *et al.*, | ) | |
|     Defendants. | ) | |

## ORDER

**SUE E. MYERSCOUGH, United States District Judge:**

Plaintiff Michael Handricks, a detainee at the Livingston County Jail ("Jail"), has filed a Motion for Leave to File an Amended Complaint (Doc. 10), which is before the Court for screening.

Plaintiff's motion is granted. The Court concludes that the alleged facts Plaintiff provides in his amended pleading are sufficient to state a Fourteenth Amendment claim for objectively unreasonable medical care and an unconstitutional policy claim as outlined in the Supreme Court's decision in *Monell v. N.Y. City Dep't of Soc. Servs.*, 436 U.S. 658 (1978).

## I. SCREENING STANDARD

The court must "screen" the complaint and dismiss any legally insufficient claim or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* In reviewing the complaint, the court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

## II. FACTS

Plaintiff names Sheriff Ryan Bohm, Jail Superintendent Lisa Draper, Lieutenant Scott Harmon, Physician Hughes Lochard, Nurses Jailayia Frazier and Susanna Legner, Turn Key Medical ("Turn Key"), and Livingston County ("County") as Defendants.

Plaintiff asserts that before Defendant Turn Key became the contracted provider of medical care at the Jail in September 2025,

he had been receiving fifty "units" of long-acting insulin twice daily and a dose of "fast-acting" insulin after every meal. (Pl. Amend. Compl., Doc. 10-1 at 2:10.) Thereafter, Defendant Lochard changed Plaintiff's insulin intake to twice daily at 5:00 a.m. and 5:00 p.m.

Plaintiff asserts that he has had diabetes for twenty years and has always received a dose of insulin after every meal. From December 2025 to April 2026, Plaintiff's glucose level fell to under sixty on fifteen occasions, noting that the normal glucose level is 120 milligrams per deciliter.

Plaintiff requested glucose tablets to self-administer, but Defendants Legner and Frazier told Plaintiff that Turn Key policy would not permit the requested medication. Plaintiff claims that he wrote over twenty grievances requesting assistance, which were unanswered by Defendants Draper and Harmon.

### III. ANALYSIS

Plaintiff's Motion for Leave to File an Amended Complaint (Doc. 10) is granted.

Under Federal Rule of Civil Procedure 8(a), a complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "This

requirement is satisfied if the complaint (1) describes the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests and (2) plausibly suggests that the plaintiff has a right to relief above a speculative level." *Bravo v. Midland Credit Mgmt.*, 812 F.3d 599, 601–02 (7th Cir. 2016); *see also Charleston v. Bd. of Trs. of the Univ. of Ill. at Chi.*, 741 F.3d 769, 772 (7th Cir. 2013) ("Instead, a plausible claim must include 'factual content' sufficient to allow the court 'to draw the reasonable inference that the defendant is liable for the misconduct alleged.'") (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

Despite naming Defendant Bohm, Plaintiff does not provide any facts that establish or permit the inference that Bohm violated Plaintiff's constitutional rights. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption.").

In *Miranda v. County of Lake*, 900 F.3d 335 (7th Cir. 2018), the Seventh Circuit held that "the controlling inquiry for assessing a due process challenge to a pretrial detainee's medical care proceeds in two steps." *McCann v. Ogle County*, 909 F.3d 881, 886 (7th Cir. 2018). "The first step, which focuses on the intentionality of the

individual defendant's conduct, remains unchanged and 'asks whether the medical defendants acted purposefully, knowingly, or perhaps even recklessly when they considered the consequences of their handling of [plaintiff's] case.'" *Id.* (quoting *Miranda,* 900 F.3d at 353); *see also Pittman by and through Hamilton v. Madison Cnty., Illinois,* 108 F.4th 561, 570 (7th Cir. 2024) ("This framing asks strictly whether the defendant intended to commit the physical act that caused the alleged injury.").

"At the second step, . . . [courts] ask whether the challenged conduct was objectively reasonable." *Id.* "This standard requires courts to focus on the totality of facts and circumstances faced by the individual alleged to have provided inadequate medical care and to gauge objectively—without regard to any subjective belief held by the individual—whether the response was reasonable." *Id.*; *see also Pittman,* 108 F.4th at 570 ("[T]he proper inquiry turns on whether a reasonable officer in the defendant's shoes would have recognized that the plaintiff was seriously ill or injured and thus needed medical care.).

Plaintiff's account is sufficient to state a Fourteenth Amendment claim for objectively unreasonable medical care against

Defendants Draper, Frazier, Harmon, Legner, and Lochard. Thus, the County will remain as a Defendant for indemnification purposes. *See Olson v. Champaign County*, Ill., 784 F.3d 1093, 1104 (7th Cir. 2015) (noting that because Illinois law requires the county to indemnify Sheriffs and their deputies for damages for torts committed in the scope of their employment, the County is a necessary party to a suit against a Sheriff under federal law) (citing 745 Ill. Comp. Stat. 10/9–102)).

Defendant Turn Key can be held liable under § 1983 if an unconstitutional act is caused by: "(1) an official policy adopted and promulgated by its officers; (2) a governmental practice or custom that, although not officially authorized, is widespread and well settled; or (3) an official with final policy-making authority." *Thomas v. Cook Cty. Sheriff's Dept.*, 604 F.3d 293, 303 (7th Cir. 2010); *see also Woodward v. Corr. Med. Servs. of Ill., Inc.*, 368 F.3d 917, 927-28 (7th Cir. 2004) (stating that the standard for municipal liability under *Monell* applies to corporations as well).

Plaintiff's claim that Defendants Frazier and Legner informed him that Defendant Turn Key had implemented a new policy that prohibited Plaintiff from receiving glucose tablets is sufficient to

state a *Monell* claim.

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's Motion for Leave to File an Amended Complaint (Doc. 10) is granted.**

2) **The Clerk of the Court is DIRECTED to docket Plaintiff's amended pleading (Doc. 10-1).**

3) **According to the Court's merit review of Plaintiff's complaint [1] under 28 U.S.C. § 1915A, Plaintiff has alleged enough facts to proceed with a Fourteenth Amendment claim for objectively unreasonable medical care against Defendants Draper, Frazier, Harmon, Legner, and Lochard. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or under Federal Rule of Civil Procedure 15. Plaintiff also states a *Monell* claim against Turn Key Medical. Livingston County shall remain as a party for indemnification purposes only.**

4) **The Clerk of the Court is DIRECTED to terminate Ryan Bohm as a party.**

5) **This case is now in the process of service. The Court advises Plaintiff to wait until counsel has appeared for Defendants before filing any motions to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will be denied as premature. Plaintiff need not submit any evidence to the Court at this time unless otherwise directed by the Court.**

1) **The Court will attempt service on Defendants by mailing a waiver of service. Defendants have sixty days from service to file an Answer. If Defendants have not filed Answers or appeared through counsel within ninety days of the entry of this order, Plaintiff may file a motion requesting the**

status of service. After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

2) If a Defendant no longer works at the address provided by Plaintiff, the entity where that Defendant worked while at that address shall submit to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

3) Defendants shall file their respective Answers within sixty days of the date the Clerk sends the waiver. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this order. In general, an answer sets forth Defendant's positions. The Court does not rule on the merits of those positions unless and until Defendants file a motion. Therefore, no response to the answer is necessary or will be considered.

4) This District uses electronic filing, which means that after Defendants' counsel has filed an appearance, Defendants' counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk. Plaintiff does not need to mail copies of motions and other documents that Plaintiff has filed with the Clerk to Defendants' counsel. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the Clerk of the Court. Plaintiff must mail his discovery requests and responses directly to Defendants' counsel. Discovery requests or responses sent to the Clerk will be returned unfiled unless they are attached to and the subject of a motion to compel. Discovery does not begin until Defendants'

counsel files an appearance and the Court enters a scheduling order, which will explain the discovery process in more detail.

5) The Court grants Defendants' counsel leave to depose Plaintiff at his place of confinement. Defendants' counsel shall arrange the time for the deposition.

6) Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to inform the Court of a change in mailing address or phone number will result in dismissal of this lawsuit with prejudice.

7) If a Defendant fails to sign and return a waiver of service to the Clerk within thirty days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshals Service on that Defendant and will require that Defendant to pay the full costs of formal service under Federal Rule of Civil Procedure 4(d)(2).

8) The Court directs the Clerk to enter the standard qualified protective order under the Health Insurance Portability and Accountability Act.

9) The Court directs the Clerk to attempt service on Defendant under the standard procedures.

ENTERED June 3, 2026.

s/ *Sue E. Myerscough*

_____

SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE